Thank you, Your Honor. I'd like to reserve, I'd say, three minutes for rebuttal. My name is Michelle Radosevich of Davis Wright Tremain, and I'm here this morning representing Davis Wright Tremain. Davis Wright Tremain served as counsel to the Marguerite Miller Living Trust, and this case involves attorney fees that were incurred for services provided to that trust. None of the services that were provided were provided to Bonnie Snavely personally, nor were any of the services at all related to anybody's bankruptcy. One of the trust beneficiaries, Douglas Miller, filed a Chapter 11 bankruptcy in Montana. The bankruptcy court took jurisdiction over the trust itself, partitioned the main asset of the trust, the land that it owned, and distributed that to the beneficiaries without distributing or otherwise dealing with, in any fashion or another, the main liability of the trust, which was the attorney fees owed to Davis Wright Tremain. Davis Wright Tremain finally ended up filing an order to show cause in order to raise this issue before the bankruptcy court. That motion was denied, and that's the order that is on appeal here. The legal argument here is actually pretty simple. Davis Wright filed a valid proof of claim. It was an informal proof of claim in the sense that it wasn't on the official form, but as the Court can see by looking at it, it's a fairly complete attorney fee application. And, in fact, the reason that it was in this format was because the bankruptcy judge had actually ordered all of Ms. Snavely's attorneys to file in this particular format, which complied with Montana Bankruptcy Court rules. And so Davis Wright Tremain filed a proof of claim pursuant to that order. Douglas Miller objected, also recognizing that it constituted an informal proof of claim, and saying so in his objection. So I don't think there's really any question that this is a valid proof of claim. And under the Federal bankruptcy rule, procedural rules, it's prima facie valid, unless objected to and that objection litigated in some fashion or another, usually by an adversary proceeding. That adversary proceeding didn't happen here. There really was no litigation. The way we can tell there was no litigation is, number one, the pretrial order. If you read the pretrial order, you will see that there is no mention of Davis Wright Tremain, nor is there any mention of trust services in any way, shape or form. The only reference in the pretrial order at all is to the bankruptcy law firm, and there's a particular attorney involved who is mentioned by name in that order, and it's not us. And was there, in fact, a Washington bankruptcy firm? There was a Washington bankruptcy firm, Bush Stroud and Kornfeldt, and Jay Kornfeldt was the attorney who handled the bankruptcy, and that is his name is mentioned in that order, which would give any reasonable person reason to think that that firm any claims that that firm had would be litigated as part of the adversary proceeding involving Ms. Snavely and Mr. Miller, but not noticed to Davis Wright Tremain. There was certainly no evidence at trial with regard to Davis Wright Tremain's bills. As you may see, the record is absolutely devoid of anything like that, and the reason it's devoid of anything like that is nothing exists in the record, save the proof of claim itself. So, Counsel, you agree that those fees were included in the trustee's proof of claim? They were included in the trustee's proof of claim. However, the trustee's proof of claim, which was litigated at least in part in the proceeding, the January 25th order, which deals with the trustee's claim, does not address in any way, shape, or form the majority of the fees involved with the Davis Wright Tremain incurred on behalf of the trust. Exactly what amount was being sought by the Tremain law firm? Approximately $215,000. Of that amount, about $45,000 were fees incurred prior to they were kind of the ordinary course of administration of the trust. They were incurred prior to the trust accounting trial that occurred here in King County. Was that an entire amount being sought from Mr. Miller's estate? No. Well, how much was in play in this proceeding? One-third of that amount, since Mr. Miller was a one-third beneficiary. So we never assumed that we could recover from Mr. Miller any portion that ---- That was a little confusing, because the entire amount was set forth in the claim. The entire amount was set forth in the claim for the sake, I guess, of what seemed at the time like clarity. Because there were claims outstanding between Mr. Miller and Ms. Snavely that could affect how that amount was allocated between them, we filed a claim showing all of the fees, but we only asked, and certainly our order to show cause only asked for one-third of those fees, corresponding with the one-third share of the trust that was distributed to Mr. Miller. Now, I'm having trouble. There are lots of moving parts, not only to this part of the appeal, but the whole. And I want to make sure I've got it right. Right. There's a January 25, 2002, order in which the bankruptcy court holds that your fee application is duplicative and excessive given the number of lawyers. Isn't that right? No. There's a footnote at page 33. Footnote 7. That says it's duplicative. It doesn't say, I don't think, excessive number of lawyers. It says duplicative, but it isn't dealt with, Ben, other than to say it's duplicated. Not explicated. Right. And so, I mean, if it's duplicative, and therefore not dealt with in the January 25th order, then what you would expect is that the court would act separately on and Yeah. Well, I guess that's my question. Duplicative meaning, is it a duplicative claim that you filed elsewhere, or were these fees duplicative of fees incurred by other lawyers? Well, they certainly were not. There were no other trust lawyers. So they weren't duplicative. I mean, they could not have possibly been considered duplicative of services provided by other lawyers. There was no other lawyer for the trust. I assume that the meaning of duplicative is that we filed a proof of claim in an attorney fee format. Okay. Because either, without elaboration, either meaning of the term is possible when a judge says duplicative. I would grant you that, yes. Well, you're running into your three minutes. Do you want to save the rest and hear from the other side, and then you'll have a chance? I think that's probably fair, Your Honor. Okay. Good morning. May it please the Court, my name is John Binney. I represent the appellee, Douglas Miller. In this, and some of the related matters before this panel, is a preliminary note I would indicate to the Court that another panel of this Court has heard three and finally determined three other matters. Two, there are two other matters that have been dismissed as moot that are on reconsideration. So as the Court has indicated, there are a number of matters involving Mr. Miller before the Court. In terms of this specific case, Davis Wright Tremaine was counsel for Bonnie Snavely. I would assert one sort of contradiction to what Ms. Rudosevich's counsel stated is that Ms. Snavely did testify in this trial that she had been represented individually going back to 1985 by the Davis Wright firm. But, and the application for fees was submitted. Their billing was submitted as an exhibit in this trial. So I just, as a point of factual clarification, that I believe is in the 1,400-page transcript we have for the trial. In terms of the specific issues raised ---- Counsel, before you move on then, would you respond to opposing counsel's position that the claim was never addressed by the Bankruptcy Court? Your Honor, I would. It's our position that the claim was addressed by the Bankruptcy Court in its January 25th order, that there was evidence regarding that. I would indicate that the Bankruptcy Court's order was fairly general, and it did talk about the Davis Wright Tremain claim. When Davis Wright came in and asked for an order to show cause, the Bankruptcy Court did reference that its prior order talked about that essentially being subsumed in the proof of claim that Snavely filed on behalf of the trust. So in your view, what was the Bankruptcy Court's disposition on the Davis Wright Tremain proof of claim? The disposition of the Davis Wright Tremain proof of claim, Your Honor, was as a part of the trust claim, which, by the way, Davis Wright's counsel for the trust filed both their application for fees and the $603,000 claim for the trust. The Bankruptcy Court's disposition of that was to reduce that entire amount to, I believe, a sum of $86,000 and then offset that, excuse me, against amounts that Mr. Miller was owed. That is our position on that. So I understand your response. You're saying that the global award by the Bankruptcy Court encompassed the Davis Wright Tremain proof of claim. That is correct, Your Honor. In addition, just a couple of other quick points, and then I'll hit the two main arguments in my time. The Bankruptcy Court did enter an order on June 7th that essentially said that Ms. Snavely should file proofs of claim before June 30, 2001 in the case asserting all basis that she has claims. And that also indicated that expenses of administration would be filed and including her attorney's fees. That was the order of the Court. Davis Wright Tremain essentially responded, as I mentioned, in two fashions, one, by filing their application for attorney's fees, and then second, by filing the trust proof of claim. And I think it is perhaps an overstatement, at least, by Davis Wright Tremain to indicate that the debtor simply said that this was an informal proof of claim. If you look at the objection that the debtor had filed, they took two alternatives. The debtor took two alternative positions. First, he said, if this is an application for fees, under Rule 201-6, the local rule for fees, it isn't proper because Davis Wright Tremain was never counseled for Mr. Miller. And then the alternative is that if it's considered essentially an informal proof of claim, the debtor objected, saying it wasn't timely filed, it wasn't served on the debtor, and the amounts requested were improper. So as a point in that regard, the debtor did take alternative positions on that and did not simply admit that it was an informal proof of claim. Second, the procedure in this bankruptcy, and I realize that this Court, this panel has seen a fair amount of it, but it's fairly voluminous, and I'm going to try to keep on task with this particular appeal. After the trial, which involved five days of trial, ended three years ago yesterday, had dozens of witnesses and hundreds and hundreds of exhibits. The Court entered on January 25th its decision in this matter. Davis Wright Tremain was counsel of record on behalf of the Marguerite L. Miller Trust. They certainly had notice of that. I understand their issue, that due process wasn't involved, but I think the fact that they got notice of that, they could have sought reconsideration. In addition, subsequently, two months later, the Court went through the confirmation process. And again, Davis Wright Tremain, if they felt their proof of claim was not being dealt with, could certainly have objected at the confirmation process and said, you're not taking us into consideration. They didn't. There is case law that indicates that they accordingly are bound in that context. Finally, in this regard, Davis Wright Tremain takes the position that, despite waiting all of this period of time, despite the fact they were counsel of record and filed this proof of claim, they waited and then filed a motion for order to show cause why Mr. Miller should not have to put an amount aside for them for distribution under his confirmed plan. As the Court has, I believe, picked up on in questions to counsel for Davis Wright Tremain, their proof of claim cannot be considered prima facie because they were asking for $215,000. And the amount that they admitted later that they were owed is only $71,000. So clearly, their argument that it was a prima facie proof of claim, as recognized by the Bankruptcy Court, cannot stand. In addition, excuse me, the language for Mr. Miller's and Mr. Miller's plan about what an allowed claim is has been subject to debate in a number of the appeals. And I just want to clear that Mr. Miller's position is that to be an allowed claim, there's only one of three ways you can do that. The first way, if the claim is scheduled and it's essentially unliquidated, non-contingent, non-disputed. That does not apply with respect to Davis Wright Tremain. Second, if they file a proof of claim and it's not objected to, and that is not the case that we have here. The final mechanism is if they file a proof of claim, it's objected to, but that claim is finally allowed by a court and it's no longer subject to appeal or a certiorari proceeding, then it's an allowed claim. So it's our position that that's what Vedder's plan says and that Davis Wright Tremain essentially can't get in the back door by saying even if this was determined, we still have a claim, an allowed claim. Finally, then, excuse me, in terms of the issues raised by Davis Wright Tremain, as to what the remedy is. Let's assume, arguendo, that the bankruptcy court did not properly give due process to Davis Wright Tremain or did not properly determine this case. Davis Wright Tremain says, accordingly, this proof of claim has to be allowed in the 71,000, an amount different than what it was filed for. I believe that that they can't have it both ways. Essentially, what they're saying is the bankruptcy court has no jurisdiction post-confirmation. Nonetheless, post-confirmation, Davis Wright Tremain went to the bankruptcy  Could you help explain to me what the bankruptcy court is saying in that January 25, 2002 order, both in the text and in that footnote 7? It refers to, I'll just read you the footnote 7. I note the probate counsel, Davis Wright Tremain, have filed an application for professional fees and costs totaling $179,000 for attorney's fees, $36,000 for costs totaling $215,000. The application states the firm was paid for its services through September 30, 1996. This application is based on one of the duplicate proofs of claim. What fees is the bankruptcy judge talking about there? There was evidence, Your Honor, that there were amounts. There was testimony in the trial that there were amounts paid to count to some of Snavely's trust and probate counsel prior to the trial in this case.  I can't, as I stand here in front of the Court today, indicate that that is clearly what the Court was referring to or that was actually the case. But I believe that's what Judge Peterson, the bankruptcy court, was referring to, Your Honor. Now, and I'm slow here, so just bear with me. Is this the same claim for which part of which is sought with respect to the one-third of what you would say is not the informal proof of claim or these different  My understanding, Your Honor, is that the total amount being requested here, the $210,000 that they filed the original claim, is that that claim they have now changed and reduced to the one-third, saying that Mr. Miller had a one-third fee. The analysis that the bankruptcy court made Let me try to understand you. That is to say, this footnote refers to all of it, and when they're asking for the third, they're asking for a third of this? That's my understanding of what the bankruptcy court is saying, Your Honor. And what's your understanding as to why the bankruptcy judge rejected the entirety of this claim here? Your Honor, if you look at My understanding is why the bankruptcy court rejected it on two bases. One is that the amount requested is not prima facie evidence because it wasn't an accurate amount. Second, the bankruptcy No, I'm hearing footnotes. I'm not talking about the one-third. I'm talking about the amount that you're rejecting here in footnote 7. My understanding is the bankruptcy court was rejecting that amount because it indicated that they were paid in part, at least before, and so it wasn't an accurate amount being requested. That was one of the bases for rejecting it, as I understand. And what does the bankruptcy judge mean when he talks about the basis of one of the duplicate proofs of claim? What's he saying there in your view? The duplicate proofs of claim, as I understand it, are referring to the proof of claim Davis Wright remained and filed for the Marguerite L. Miller Trust. That was duplicate to its own fee application. Oh. But that does put you back to say, well, I mean, if they're entitled, they're entitled on one or the other. It can't be duplicate in both. Except that the other claim, the $600,000-plus claim, the court went through, analyzed all of its components, and reduced that amount. And what we're saying is there's already been a benefit to that to the estate, to the, I mean, excuse me, to the trust. May I have five seconds just to conclude? Five seconds. Essentially, when I said that they can't have it both ways, they sought the jurisdiction of the Bankruptcy Court post-confirmation. They're now saying it can't be remanded. If the Bankruptcy Court didn't have jurisdiction on their motion to show cause, this Court has no jurisdiction and the appeal should be dismissed as moot. If the Bankruptcy Court did have jurisdiction, then this Court should remand if they believe that Davis Wright Germain did not get their day in court. Thank you. Thank you very much. Can you save some time? Thank you, Your Honor. Let me first address the language at the bottom of page 32 of the January 25th order, the piece that you were just discussing with Mr. Binney. The probate fees of $45,000 I think refer to, but I'm not positive, because of course no evidence really was presented at the trial here. I think he's referring to amounts that were actually on the 706, which is the estate tax return filed by the trust. And, of course, those have kind of nothing to do with anything, because those actually probably were paid. I mean, those were fees that were owed at the time of Mrs. Miller's death in 1995. And the next piece that he's going on about with the $34,000 from Mrs. Miller's Chapter 11 case, I mean, none of this actually makes any sense. It's very, very hard to trace these numbers back to any facts in existence at all. And this was the judge that actually handled Mrs. Miller's Chapter 11, I believe. And I think that what he's doing is just trying to remember things from a prior case and getting them wrong. You know, it is literally impossible to try to figure out what he's saying there. With regard to the bankruptcy, the crime of paycheck issue and the fact that we were only asking for a third, I direct the Court's attention to tab 293, I believe it is, which is the motion for an order to show clause. And it clearly states that we're asking for one-third of the $215,000. So there's no ---- And I think I'm right. There are three beneficiaries to this trust. There were three beneficiaries. Ms. Snavely settled with one of the other beneficiaries prior to this time. So at this particular point in time, Ms. Snavely held two-thirds of the beneficial rights and Mr. Miller held one-third. Counsel, will you briefly respond to opposing counsel's position that the bankruptcy court subsumed your firm's proof-of-claim fees in the global resolution of the bankruptcy trust's proof-of-claim? All I can say is that parties deserve notice and an opportunity to be heard when rights of theirs are adjudicated. It's a fairly basic principle of our court system. And subsuming our claim in this whole thing without giving us notice that our claim was at issue simply doesn't pass muster. But at some point, wouldn't you have realized that perhaps you should have the court to clarify where you stood in terms of your proof-of-claim? Believe me, we did. Nothing in this bankruptcy went according to what one might expect. And it was very difficult to try to figure out how to intervene. We were not a party to the not having been a party to the adversary proceeding that resulted in the January 25th order. We had no standing to appeal that order. And so we were stuck with trying to figure out how to raise this issue in some other kind of format. We finally filed the order to show cause as being kind of the only way to do that. Let me also just address for a second the idea that the plan precludes this. At this stage, I think that the issue is whether today this fits the definition of an allowed claim, not whether it did at the time the bankruptcy court acted, in which case it's kind of moot. If this court decides that Davis Wright really was owed a chance to prove its fees and that this is a prima facie proof-of-claim, then it meets the definition of an allowed claim, even as defined by Mr. Miller, because the appeal, it won't be on appeal and it will have been adjudicated. Okay. Thank you very much. I thank both counsel for their helpful argument. Miller v. David Wright. Germain is now submitted for decision. The next case on the calendar is a related case.
judges: Alarcon, W. Fletcher, Rawlinson